**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|    Grace A. Gibson, | : | |
|        Debtor. | : | Bankruptcy No. 16-16911-MDC |

# **MEMORANDUM**

Before the Court for consideration is the motion of the City of Philadelphia (the "City") seeking dismissal of Grace A. Gibson's (the "Debtor") Chapter 13 case as prohibited by the provisions of 11 U.S.C. §109(e) and as a bad faith filing.[1] The City contends that the Debtor's Chapter 13 case should be dismissed because her unsecured and noncontingent debts in the alleged amount of $887,944.39 exceed the statutory thresholds set forth in §109(e). The City further contends that dismissal is required because the Debtor filed bankruptcy during the middle of a state court trial in order to delay the City's collection efforts and the filing is therefore in bad faith.

The Debtor opposes dismissal arguing that the City's claims were disputed and therefore should not be considered in the Chapter 13 threshold calculation, as the Debtor intended to and has filed an objection to their claims. The Debtor also argues that her filing was in good faith, as her income consisted solely of social security income that is not available to creditors for garnishment, which will result in the City recovering little, if anything, should this case be dismissed.

For the reasons discussed below, the Court will grant the Motion. The Debtor is not eligible to be a debtor under Chapter 13 of the Bankruptcy Code because her unsecured, noncontingent, liquidated debt exceeds the statutory amounts set forth in §109(e). Further, because the Debtor is ineligible to be a Chapter 13 debtor, the Court will not address whether the Debtor's case was filed in bad faith.

**FACTUAL/PROCEDURAL BACKGROUND**

On September 30, 2016, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy

---

[1] Bankr. Docket No. 38.

Code. Shortly thereafter, on October 9, 2016, the Debtor filed the schedules required by the Bankruptcy Code.[2] In her schedules, the Debtor lists, in relevant part, a total of $940,648.41 in secured debts, $69,885.00 in unsecured debts, and assets in the amount of $407,841.00.

The City filed three proofs of claims (Claims Nos. 1, 2, and 9) (the "City's Claims") against the Debtor, alleging debts owed in the total amount of $874,689.00. The Debtor's claims docket reflects that total claims in the amount of $1,559,391.29, with $671,360.96 in secured claims and $886,356.93 in priority, unsecured claims, have been filed.

On February 28, 2017, the City filed the instant Motion.[3] The Debtor filed a response to the Motion on March 22, 2017.[4] On March 23, 2017, this Court held a hearing on the Motion, at which the City and the Debtor appeared. At the hearing, the Debtor argued that the statutory limitation did not apply because she intended to object to the City's Claims. The City countered that a claim objection does not affect the unsecured debt limitations of 11 U.S.C. §109(e). At the close of the hearing, the Court ordered the parties to submit briefs on the issue by April 13, 2017.

The City filed its brief by the deadline.[5] On that same day, the Debtor filed an objection to the City's Claims,[6] but did not file a brief on the issue of the applicability of §109(e).

## LEGAL DISCUSSION

11 U.S.C. §109(e) provides that an individual is ineligible to be a Chapter 13 debtor if she owes more than $394,725 in "noncontingent, liquidated, unsecured debts." For purposes of calculating the unsecured debt owed by a debtor in a Chapter 13 bankruptcy, the debt must be calculated as of the date the petition was filed. *In re Slack*, 187 F.3d 1070, 1073 (9th Cir. 1999), *as amended* (Sept. 9, 1999) ("The language of the statute clearly states that the amount of the debt is determined as of the date of the

---

[2] Bankr. Docket No. 12.

[3] Bankr. Docket No. 38.

[4] Bankr. Docket No. 47.

[5] Bankr. Docket No. 50.

[6] Bankr. Docket No. 52.

2

filing of the petition."). Further, Chapter 13 eligibility should be determined by the debtor's originally filed schedules, though the bankruptcy court should normally look to the petition to determine the amount owed, rather than the debtor's characterization of the debt. *In re Ahmed*, 362 B.R. 445, 449-50 (C.D. Cal. 2006) (citing *In re Scovis*, 249 F.3d 975, 982 (9th Cir. 2001)). "The Debtor cannot simply list various debts as disputed to take the amount of those debts out of the [109(e)] computation." *In re Nowakowski*, 404 B.R. 789, 792 (Bankr. M.D. Pa. 2009). Here, the Debtor listed in her schedules $615,533.41 of unsecured debts ($545,648.41 in remainder from the secured creditors for which there was insufficient collateral and $69,885.00 to creditors who were entirely unsecured).

Debts are noncontingent when the debt does not "depend[] on a future event that may not even occur, to fix either its existence or its amount." *In re Knight*, 55 F.3d 231, 236 (7th Cir. 1995). "A debtor's obligation to [a taxing authority], having arisen upon his failure to pay such taxes on their due dates, is noncontingent." *In re Ekeke*, 198 B.R. 315, 317 (Bankr. E.D. Mo. 1996) (citing *In re Brockenbrough*, 61 B.R. 685, 686-67 (Bankr. W.D. Va. 1986)). The debts owed to the City do not depend on some future event to take place to fix their existence and amount and are therefore noncontingent.

A "key factor in distinguishing liquidated from unliquidated claims is not the extent of the dispute nor the amount of evidence required to establish the claim, but whether the process for determining the claim is fixed, certain, or otherwise determined by a specific standard." *In re Barcal*, 213 B.R. 1008, 1014 (8th Cir. B.A.P. 1997). That is, "[t]he concept of liquidation for purposes of section 109(e) relates only to the amount of liability not the existence of liability." *In re Mazzeo*, 131 F.3d 295, 304 (2d Cir. 1997) (citing *United States v. Verdunn*, 89 F.3d 799, 802 n.10 (11th Cir. 1996)).

Here, the debts owed to the City are liquidated in that the process for determining the claims is fixed and certain, even if liability may be disputed. Specifically, at least $213,635.73 of the City's claims are secured by judgments against the Debtor, $58,216.18 are due to unpaid real estate taxes for which the City has provided calculations, and an additional $575,630.56 of the City's claims are priority tax liens, which again have been calculated.

3

**CONCLUSION**

The debts owed by the Debtor to the City are noncontingent, liquidated, unsecured debts that surpass the $394,725.00 threshold for Chapter 13 eligibility. As a result, the Debtor is not eligible to be a debtor under Chapter 13 and her bankruptcy case must be dismissed.

Date: May 3, 2017

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE